IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) Case No. 10-CV-389-JHP |
| **(1) CLARENCE BACCUS,** | ) ) |
| **(2) MYRA BACCUS, a/k/a MYRA HATHORNE, individually and as Mother and Next Friend of K.B. and K.B., minor children,** | ) ) ) ) ) |
| **(3) TALISHA WINSTON,** | ) ) |
| **(4) LASHAUNNA BACCUS,** | ) ) |
| **(5) ROSA BACCUS,** | ) ) |
| **(6) MARIANNE BACCUS, and** | ) ) |
| **(7) KORDEL BACCUS,** | ) ) ) |
| **Defendants.** | ) |

## ORDER REALIGNING PARTIES

Metropolitan Life Insurance Company originally brought this interpleader action which involves certain group life insurance benefits due upon the death of Kevin E. Baccus (the "Decedent") under the HealthMarkets, Inc. Group Life Insurance Plan (the "Plan"), an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001 *et seq.* (the "Plan Benefits"). MetLife issued to HealthMarkets, Inc. ("HealthMarkets") a group policy of insurance to fund benefits payable under the Plan and is the Plan's claims fiduciary.

Metlife has disclaimed any interest in the Plan Benefits, has named as defendants in the action all of the known living relatives of the Decedent who could potentially be entitled to the Plan Benefits under the terms of the Plan, has deposited the Plan Benefits, plus applicable interest, into the registry of this Court and sought to be dismissed from this matter with prejudice. The Court granted MetLife's Motion for Discharge and Motion for Attorney Fees. Judgment was entered for Metropolitan Life Insurance Company on December 1, 2011.

Clarence Baccus has asserted a claim to the life insurance proceeds. Clarence Baccus is the brother of the Decedent and primary beneficiary of the Plan Benefits. The remaining defendants are the contingent beneficiaries. Based on the record before the Court, Oklahoma's slayer statute may be applicable. The contingent beneficiaries bear the burden of proof regarding application of the slayer statute.

For good cause shown, the Court finds the remaining parties to this case should be realigned. Since the contingent beneficiaries bear the burden of proof going forward, this Court finds they should be recast as plaintiffs and Clarence Baccus should be recast as defendant.

IT IS THEREFORE ORDERED that MYRA BACCUS, a/k/a MYRA HATHORNE, individually and as Mother and Next Friend of K.B. and K.B., minor children, (3) TALISHA WINSTON, LASHAUNNA BACCUS, ROSA BACCUS, MARIANNE BACCUS, and KORDEL BACCUS be designated as plaintiffs in this case, and Clarence Baccus be designated as defendant.

IT IS FURTHER ORDERED that the Clerk of the Court shall re-style the case with the following caption:

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MYRA BACCUS, a/k/a MYRA HATHORNE, individually and as Mother and Next Friend of K.B. and K.B., minor children, | )<br>)<br>)<br>) |
| TALISHA WINSTON, | ) |
| LASHAUNNA BACCUS, | )   Case No. 10-CV-389-JHP |
| ROSA BACCUS, | ) |
| MARIANNE BACCUS, and | ) |
| KORDEL BACCUS, | ) |
| Plaintiffs, | ) |
| v. | ) |
| CLARENCE BACCUS, | ) |
| Defendant. | ) |

IT IS FURTHER ORDERED that all parties are required to attend a status and scheduling conference on the **15th day of December, 2011, at 11:00 a..m., U.S. Courthouse, Room 201, 5th & Okmulgee Streets, Muskogee, OK.** The parties shall be permitted to attend by telephone, if necessary. For further instructions the parties are directed to contact the Court Clerk's Office at 918-684-7906 no later than 12/9/2011.

Dated this 1st day of December, 2011.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma