**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 10-CV-389-JHP |
| (1) CLARENCE BACCUS, (2) MYRA BACCUS a/k/a MYRA HATHORNE, individually and as mother and next friend of K. B. and K.B., minor children, (3) KORDEL BACCUS, (4) TALISHA WINSTON, (5) LASHAUNNA BACCUS, (6) ROSA BACCUS and (7) MARIANNE BACCUS, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

<u>**AMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES**</u>

Now before the Court is Metropolitan Life Insurance Company's ("MetLife") Motion for Attorney Fees and Costs [Docket No. 53] and the Supplement thereto [Dkt. No. 83]. The Court has carefully reviewed Plaintiff's Motion, Defendant Myra Baccus's Response thereto [Dkt. No. 56], and Plaintiff's Reply [Dkt. No. 76].

"The propriety of the allowance of costs, including a reasonable attorney's fee, to a plaintiff in an interpleader action is well recognized . . . ." *United States v. Chapman*, 281 F.2d 862, 870 (10th Cir. 1960). Attorney fees and costs are normally awarded to an interpleader plaintiff who "(1) is 'disinterested' (i.e., does not itself claim entitlement to any of the interpleader fund); (2) concedes its liability in full; (3) deposits the disputed fund in court; and (4) seeks discharge." *United Bank of Denver*, 683 F. Supp. at 756, 757; *see also Liberty Nat'l Bank & Trust Co. v. Acme Tool Div. of Rucker Co.*, 540 F.2d 1375, 1382 (10th Cir.1976) ("the

award of an attorney's fee in an interpleader action has in mind the performance of services in connection with the preservation of the funds").

MetLife, as a disinterested stakeholder, has no interest in the outcome of the dispute between the Defendants and has made no claim to entitlement as to any of the Plan Benefits, except to be reimbursed for a portion of its attorneys' fees and costs.  MetLife has deposited the Plan Benefits into the registry of the Court.  Furthermore, as shown by the affidavit of Erin K. Dailey, MetLife spent considerable resources (over $10,000) in responding to the numerous filings by Mr. Baccus in the United States District Courts for the Central District of California and the Northern District of Texas and in this Court.  MetLife is not seeking to recover in this action the fees incurred in those actions, but the Court takes judicial notice of the efforts expended by MetLife in those actions in considering whether a fee award is appropriate here, as those actions involved the same Plan Benefits that are at issue here, and were both filed by Mr. Baccus after this interpleader action was commenced.  The Court also takes notice of the fact that MetLife was required to respond to numerous filings by Clarence and Myra Baccus in this action that were made after MetLife had deposited the Plan Benefits into the Court's registry.

For good cause shown, the Motion for Fees and Costs is hereby **GRANTED**.  The Clerk of this Court is directed to issue a check payable to the order of Metropolitan Life Insurance Company in the amount of $8,562.25 and send it to the following address:  Attention: Erin K. Dailey, GABLEGOTWALS, 100 West Fifth Street, Suite 1100, Tulsa, OK 74103-4217.

**IT IS SO ORDERED** this 13th day of December, 2011.

James H. Payne
United States District Judge
Eastern District of Oklahoma