1

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**
**MUSKOGEE DIVISION**

*FILED*

3

4

5

MYRA BACCUS, etal.

      Plaintiff

§
§
§
§
§
§

*JAN 2 3 2012*

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By ―――――
Deputy Clerk

6

7

8

V.

CLARENCE  BACCUS - BENEFICIARY

§ CIVIL ACTION NO. CV-**10-389 JHP**
§
§
§
§

9

      Defendants

10

11

12

**MOTION TO DISMISS FOR IMPROPER VENUE
OR IN THE ALTERNATIVE A MOTION TO
TRANSFER IN LIEU OF**

13

14

15

16

17

18

19

20

21

22

23

24

25

**COMES NOW THE** Beneficiary – Clarence Baccus Jr. and states based on FRCP

RULE 12(b)(3) the record shows that Myra Baccus individually and mother and

next friend of K. Baccus & K. Baccus. Has never been served with the summons

and complaint as required by FRCP 4, 4.1, 5, & 8.  And is therefore not properly

before this court and not subject to personal jurisdiction of this court.   It is further

evident from the record that Myra Baccus and her Minor children are residents of

the State of Texas, The insured Kevin Baccus was at the time of his death, a

resident of the State of Texas, and worked for Health Markets Inc. a Texas

company and the policy in question was initiated and maintained in the State of

Texas.  And the events and claims emanating from the State of Texas, it appearing

on the aforementioned information and proved by the record that Venue is not

proper in this district and that the above parties are indispensible parties and have not waived their rights, therefore this case should be dismissed accordingly. Or in the alternative per a28 USC §1404(a) that this case should be transferred to either the Northern District of Texas or to the Central District of California for the Convenience of the Parties.  Since the Beneficiary is the only current defendant based on the guidelines laid out by 1404(a) for the Convenience of the Parties specifically not to cause undue and unnecessary hardship to the defendant transfer is appropriate and required to the Central District of California.  Although far less convenient to the Defendant, but far more convenient to the parties 4 of whom live in the northern district of Texas, where witness also reside.  Whether the Court chooses to dismiss or transfer the record clearly shows that continuing this case in the current district would be inappropriate as Plaintiff's/defendants have made no claim that would justify even the continuation of this case, and in no event the continuation of this case in the current district. Moreover the unnecessary cost of travel and lodging and shear inconvenience to get to the current district which is so remote that it does not even have next day delivery of the U.S. Mail from major cities, places a totally unnecessary and needless burden on the Family of the Decedent.  Whatever the goals of the proceedings legitimate or otherwise  they could be accomplished as was the Prime America case which was adjudicated a few miles of their home.  All of these factors mandate Dismissal or Transfer from this

1   district. The Northern District of Texas or the Central District of California is

2   clearly a more convenient form.

3

4                                    BACKGROUND
    Sec. 1404. Change of venue
5

6

7   -STATUTE-

8       (a) For the convenience of parties and witnesses, in the interest of justice, a
9
10  district court may transfer any civil action to any other district or division where it
11  might have been brought.

12      (b) Upon motion, consent or stipulation of all parties, any action, suit or

13  proceeding of a civil nature or any motion or hearing thereof, may be transferred, in
14
15  the discretion of the court, from the division in which pending to any other division

16  in the same district. Transfer of proceedings in rem brought by or on behalf of the

17  United States may be transferred under this section without the consent of the

18  United States where all other parties request transfer.
19

20  **Basic Principles of Section 1404(a) Transfers**

21  Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the
22
23  interest of justice, a district court may transfer any civil action to any other district

24  or division where it might have been brought." The standards applicable to a motion

25  to transfer are a matter of procedural law, four factors guide the exercise of

discretion granted by section 1404(a): (1) the plaintiff's choice of forum; (2) the convenience to the parties; (3) the convenience to witnesses; and (4) the interests of justice. Routinely courts determine "in light of all the circumstances of the case" where deference is necessary and which factors are dispositive in establishing whether another forum is "clearly more convenient." [4]

First, courts evaluate whether the plaintiff's choice deserves deference. In this case the Plaintiffs have made no choice because they have filed no complaint, thus the decision is an easy one. A plaintiff's choice of forum is given significant deference if the plaintiff chooses to litigate in its home forum. Thus, if the plaintiff has significant ties to the district, this factor weighs against transfer. In this case the majority of the Plaintiffs have significant ties to the State of Texas.

Second, courts evaluate whether transfer would be more convenient to the parties. This factor focuses on the burden to the defendant because "[p]resumably, if plaintiff chose to file suit in this district, it is willing to overlook any inconvenience associated with litigating in this forum. However, in this case none of the Plaintiff's choose to file or have filed in this district they are not Plaintiff's at all but actually defendants who have no issue with the Beneficiary, the courts restyling of the case does not change the facts that none of the alleged Plaintiffs have filed any adjudicate-able  issue with this court and are thus as actual defendants subject to the

1  same inconveniences as the Beneficiary.   For example, if the defendant faces

2  significant travel difficulty or has infrequent contact with the district, this factor

3

4  weighs in favor of transfer.

5

6  Third, Circuit courts evaluate whether transfer will be more convenient to potential

7  witnesses. A defendant seeking transfer must be prepared to "clearly specify the key

8

9  witnesses to be called" and provide "document[s] containing facts tending to

10  establish who (specifically) it planned to call or the materiality of that testimony.

11  Since there is no complaint filed by the alleged plaintiffs, there is no issue before

12  the court and by law nothing to litigate, thus according nothing to consider against

13

14  transfer should the court choose not to dismiss.

15

16  Fourth, Circuit courts evaluate whether transferring is in the interest of justice. This

17  catch-all factor considers docket speed, consolidation of related cases,

18

19  maximization of judicial expertise, and protection of the forum's community

20  interests.   Although the interest of justice factor relates to "the efficient functioning

21  of the courts, not to the merits of the underlying dispute," it is a fact-specific inquiry

22  where the nature of dispute at issue is relevant.   For example, in patent litigation,

23

24  when parties are competitors and delay would decrease the value of the patent-in-

25  suit, docket speed can be decisive.[12] But docket speed, or lack thereof, is not enough

to compel a transfer in the interest of justice when the balance of the other factors

establishes that another forum is clearly more convenient. Clearly in this case since the only issue will be the Insurance Companies failure to timely pay the proceeds and their failure to pay the total proceeds plus interest into the court. Issues that are clearly better served in the interest of justice in a Texas Circuit court where witnesses are available without hardship.

### *In re Genentech, Inc.*: The Federal Circuit View

After the United States District Court for the Eastern District of Texas denied a section 1404(a) motion by defendants Genentech, Inc. and Biogen Idec Inc. to transfer their patent dispute with Sanofi-Aventis Deutschland GmbH, the defendants took the unusual step of petitioning the Federal Circuit for a writ of mandamus. The Federal Circuit granted the petition, ruling that the district court, "clearly abused its discretion in denying transfer of venue to the Northern District of California. . . ."

The Eastern District had denied the motion because none of the California witnesses were "key witnesses," because Texas was geographically central to the witnesses and parties, and because plaintiff Sanofi may not have been subject to personal jurisdiction in California.

1    The Federal Circuit disagreed, concluding first that the defendants had shown that

2    the convenience to witness factor favored transfer.  Genentech is a Delaware

3
     corporation with headquarters in San Francisco.   Biogen is a Delaware corporation
4
5    with a major facility in San Diego that worked on the allegedly infringing product.

6    Genentech and Biogen identified several witnesses within the Northern District of

7    California. The Eastern District determined that this was not sufficient because the

8
     witnesses were not "key witnesses." But the Federal Circuit ruled that the
9
10   inconvenienced witnesses need not be "key witnesses" as long as they have

11   knowledge of "relevant and material information at this point in the litigation."

12

13
     Second, the Federal Circuit ruled that the convenience to parties factor favored
14
15   transfer. The Eastern District found that the Fifth Circuit's "100-mile" rule for

16   determining cost of attendance for willing witnesses and parties made Texas an

17   ideal "centralized location" for litigation between Sanofi, Genentech, and Biogen.

18
     The "100-mile" rule states that when the distance between an existing venue and a
19
20   proposed venue is more than 100 miles, the inconvenience to witnesses factor

21   increases in direct proportion to the additional distance to be travelled.  The Federal

22   Circuit ruled that "the 100-mile rule should not be rigidly applied such that it

23
     creates the result presented here. The witnesses from Europe will be required to
24
25   travel a significant distance no matter where they testify."[24]

1  Third, the Federal Circuit held that Sanofi's challenge to jurisdiction in California

2  was irrelevant to transfer analysis because "[t]here is no requirement under §

3
4  1404(a) that a transferee court have jurisdiction over the plaintiff."  This directly

5  overruled the Eastern District's determination that "the issue of whether personal

6  jurisdiction exists [over Sanofi] in the Northern District of California declaratory

7  judgment suit weighs heavily against transfer

8

9                              RELIEF REQUESTED

10        The   Beneficiary   in   conjunction   with   all   family   members   therefore

11
    respectfully request the court issue an order dismissing the case as no complaint has
12
13  been filed by alleged Plaintiff consequently there is no issue for this court to litigate

14  or in the alternative transfer to either the Central District of California where the

15  Beneficiary lives or to the Northern district where Myra Baccus and her minor

16
    children live.
17

18  Dated: January 19th, 2012

19

20                                    Respectfully submitted,
                                      Clarence Baccus Jr.-~~Plaintiff~~
21                                    P.O. Box 5342
22                                    Gardena, CA. 90249

23

24                                    By:_____
                                         Clarence Baccus Jr.   Pro Se
25

                                         8

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been sent by regular mail in accordance with the California Rules of Civil Procedure, to the addresses of record on this 19th, day of January, 2012 as follows:

*__VIA REGULAR FIRST CLASS MAIL__*

Talisha Winston
7231 South 92nd, East Avenue #5
Tulsa, Oklahoma 74133

Marianne Baccus
1812 Quail Run
Muskogee, Oklahoma 74403

LaShaunna Baccus
425 E. 24th, Street
Okmulgee, Oklahoma 74447

Kordel Baccus
10038 Royal Lane
Dallas, TX 75238

Rosa Baccus
Route 1 box 708
Hanna, Ok. 74845

Myra Baccus
  c/o Clarence Baccus
P.O. box 5342
Gardena, CA.  90249

Clarence Baccus Jr. - Beneficiary
P.O. Box 5342.,
Gardena, CA. 90249
310-806-5298

9