IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

MYRA BACCUS, a/k/a
MYRA HATHORNE, individually
and as mother and next friend
of K.B. and K.B., minor
children; TALISHA WINSTON;
LASHAUNNA BACCUS;
ROSA BACCUS;
MARIANNE BACCUS; and
KORDEL BACCUS,

   Plaintiffs,

v.             Case No. CIV-10-389-JHP

CLARENCE BACCUS,

   Defendant.

## FINDINGS AND RECOMMENDATION

This action was commenced by Metropolitan Life Insurance Company ("MetLife") on October 19, 2010 under the jurisdiction of the ERISA statutes. MetLife sought to interplead certain funds it held from a life insurance policy issued by it after the death of its insured because a question existed as to the appropriate beneficiary of the funds. The funds were interpled into the court and the parties to the action were recast and realigned as shown in the styling of this document.

On January 11, 2012, a Settlement Conference Order was entered in this case setting a conference before the undersigned on May 1, 2012. The conference was continued by minute order entered April 19, 2012 to June 1, 2012 at 9:30 a.m. Court records indicate the established procedures for mailing were followed in notifying the parties of both the setting of the Settlement Conference and its

continuance.

As a part of the Settlement Conference Order, "a person with full settlement authority must . . . be present for the conference." The Order requires attendance by the litigants. The Order also forewarns of the consequences of non-compliance in stating,

> Upon certification by the Settlement Judge of circumstances showing non-compliance with this order, the assigned trial judge may take any corrective action permitted by law. Such action may include contempt proceedings and/or assessment of costs, expenses and attorney fees, together with any additional measures deemed by the court to be appropriate under the circumstances.

On the morning of June 1, 2012, this Court attempted to conduct a Settlement Conference in an effort to resolve the claims in this case. Neither Plaintiff Myra Baccus nor Defendant Clarence Baccus appeared at the noticed time for the Conference. Plaintiff Talisha Winston and her counsel and an attorney for the remaining Plaintiff children did attend the conference at the appointed time. After waiting some thirty minutes, it became apparent that no fruitful conference could be conducted and the attendee and counsel were released.

In addition to this Court's Settlement Conference Order, the Federal Rules of Civil Procedure requires the parties and their counsel to "participate in good faith" in any pretrial conference, including settlement conferences. Fed. R. Civ. P. 16(a) and (f). "[A] federal court possesses the authority 'to impose . . . sanctions on "its inherent power to control and supervise its own

proceedings."'" <u>Smith v. Norwest Financial Acceptance, Inc., et al.</u>, 129 F.3d 1408, 1419 (10th Cir. 1997) citing <u>United States v. Evans & Assocs. Const. Co.</u>, 839 F.2d 656, 660 (10th Cir. 1988). Defendant Clarence Baccus's failure to attend the Settlement Conference without just cause represents a violation of both the Court's Settlement Conference Order and Fed. R. Civ. P. 16(f) and certification by the undersigned is made of non-compliance in accordance with the requirements of the Settlement Conference Order.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that a hearing be set requiring Defendant Clarence Baccus to personally appear and show cause as to why judgment should not be entered against him in this action or such other sanction should not be imposed upon him for the failure to appear at the Settlement Conference as required by the Settlement Conference Order.

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of the judgment of the District Court based on such findings.

DATED this 1st day of June, 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE