# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MYRA BACCUS, a/k/a MYRA HATHORNE, individually and as Mother and Next Friend of K.B. and K.B., minor children, | ) ) ) ) |
| TALISHA WINSTON, | ) |
| LASHAUNNA BACCUS, | ) Case No. 10-CV-389-JHP |
| ROSA BACCUS, | ) |
| MARIANNE BACCUS, and | ) |
| KORDEL BACCUS, | ) |
| Plaintiffs, | ) |
| v. | ) |
| CLARENCE BACCUS, | ) |
| Defendant. | ) |

## ORDER

Metropolitan Life Insurance Company originally brought this interpleader action which involves certain group life insurance benefits due upon the death of Kevin E. Baccus (the "Decedent") under the HealthMarkets, Inc. Group Life Insurance Plan (the "Plan"), an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001 *et seq.* (the "Plan Benefits"). MetLife issued to HealthMarkets, Inc. ("HealthMarkets") a group policy of insurance to fund benefits payable under the Plan and is the Plan's claims fiduciary.

Metlife disclaimed any interest in the Plan Benefits, and named as defendants in the action all of the known living relatives of the Decedent who could potentially be entitled to the Plan

Benefits under the terms of the Plan, deposited the Plan Benefits, plus applicable interest, into the registry of this Court and sought to be dismissed form this matter with prejudice. MetLife properly served each potential beneficiary. (Dkt.# 52 at 2).

Metlife, the Plan's claims fiduciary argued it had stated a valid basis for interpleading the Plan Benefits and obtaining a discharge for itself, the Plan and the Plan sponsor, HealthMarkets, Inc. The law is settled that "[w]here there is a real risk of vexatious, conflicting claims, a stakeholder, acting in good faith, may maintain a suit in interpleader to avoid vexation and expense of resisting such claims, even though only one will be found meritorious." *Am. Home Life Ins. Co. v. Barber*, 2003 WL 21289986 *2 (D. Kan. May 16, 2003)(citing *Metropolitan Life Ins. Co. v. Segaritis*, 20 F.Supp. 739, 741 (E.D. Pa. 1937)(the purpose of an interpleader action is as much to protect a stakeholder from the expense of double litigation, however groundless, as it is to protect him from the risk of double liability); see also Fed.R.Civ.P. 22 (a)(1) ("Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead ... interpleader is proper even though: ... the plaintiff denies liability in whole or in part to any or all of the claimants.").

Metlife stated the Decedent had multiple living relatives, including minor children, who could qualify as beneficiaries under the Plan. The Decedent was shot to death on or about July 3, 2006, and his death was classified as a homicide. Metlife was informed by the Sheriff's Department that the Decedent's brother, defendant Clarence Baucus, who is the named beneficiary, was a suspect in the Decedent's homicide.[1] MetLife attempted to wait until law enforcement officials had reached a final resolution of their investigations, but unfortunately this did not occur, and MetLife

---

[1] The Decedent changed the beneficiary of the Plan Benefits to his brother, Clarence Baccus, the day before he was killed. See, attachments to Second Amended Complaint (Dkt. # 23), and the Oklahoma State Bureau of Investigation Documents (Dkt.# 189).

was left with a situation where, although Clarence Baucus was not officially charged in the Decedent's homicide, law enforcement had informed MetLife that he would never be cleared as a suspect. This information alerted MetLife to the risk of vexatious, conflicting claims amongst the surviving heirs of the decedent regarding who should be paid the Plan benefits, thus exposing MetLife to multiple liability. Accordingly, the Court granted MetLife's Motion for Discharge and Motion for Attorney Fees. Judgment was entered for MetLife on December 1, 2011 (Dkt. # 115).

Thereafter, MetLife deposited the group life insurance benefits in the amount of $180,000 (the "Plan Benefits") payable upon the death of Kevin Baccus (the "Decedent"), plus interest in the amount of $13,781.10 into the Court's registry on September 29, 2011.

Clarence Baccus has asserted a claim to the life insurance proceeds. Clarence Baccus is the brother of the Decedent and primary beneficiary of the Plan Benefits. The remaining defendants are the contingent beneficiaries. Based on the record, the Court found Oklahoma's slayer statute may be applicable, and that the contingent beneficiaries bore the burden of proof regarding application of the slayer statute. Therefore, the Court found the remaining parties should be realigned. Since the contingent beneficiaries bear the burden of proof going forward, this Court finds they should be recast as plaintiffs and Clarence Baccus should be recast as defendant. The Court specifically found and ordered that " MYRA BACCUS, a/k/a MYRA HATHORNE, individually and as Mother and Next Friend of K.B. and K.B., minor children, (3) TALISHA WINSTON, LASHAUNNA BACCUS, ROSA BACCUS, MARIANNE BACCUS, and KORDEL BACCUS be designated as plaintiffs in this case, and Clarence Baccus be designated as defendant." (Dkt. # 116).

Thereafter, this case was set for a status and scheduling docket on January 5, 2012. (Dkt.# 117). The plaintiff, Talisha Winston appeared personally, and Clarence Baccus appeared by telephone. (Dkt. #125). A schedule was entered setting a pretrial conference on August 16, 2012,

and a jury trial on September 5, 2012. (Dkt.# 126). This matter was also set for a settlement conference on May 1, 2012, and later reset for June 1, 2012. (Dkt.#s 129 and 157).

The Court appointed counsel for the plaintiff, Talisha Winston and the Decedent's minor children, K.B. and K.B. (Dkt.# 159, 164). The plaintiff, Talisha Winston and her counsel, as well as counsel for the remaining Plaintiff children attended the settlement conference. (Dkt.# 164). Neither the Plaintiff, Myra Baccus, nor the defendant, Clarence Baccus, attended the settlement conference. In addition to this Court's Settlement Conference Order (Dkt.#157), the Federal Rules of Civil Procedure require the parties and their counsel to "participate in good faith" in any pretrial conference, including settlement conferences. Fed.R.Civ.P. 16(a) and (f). The Magistrate Judge issued a Findings and Recommendation on June 6, 2012 finding a hearing should be set requiring the defendant Clarence Baccus to personally appear and show cause why judgment should not be entered against him in this action, or such other sanction should not be imposed upon him for failure to appear at the settlement conference. (Dkt.# 164). The defendant filed an objection to the Findings and Recommendation alleging he did not receive notice of the settlement conference. (Dkt.# 172).

This Court specifically found, however, that court records indicated established procedures for mailing were followed and adopted the Findings and Recommendation. (Dkt.# 187). Therefore, this matter was set for a show cause hearing on August 17, 2012, and for a pretrial conference following the show cause hearing on the same date. (Dkt.# 187). The defendant did not appear for the show cause hearing. (Dkt.# 190).

The matter then came on for the scheduled pretrial conference. The defendant, Clarence Baccus, also failed to appear for the pretrial conference. The Court specifically found that the defendant's failure to appear at the settlement conference, the show cause hearing, and the pretrial conference were cause for judgment to be entered against the defendant and for the plaintiffs, Talisha Winston and the minor children K.B. and K.B. (Dkt.# 190), who were the only parties

-4-

present at the scheduled settlement conference.

The defendant filed a Motion to Stay Execution of Judgment Pending the Outcome of Appeal on August 31, 2012. (Dkt.# 196). This motion was denied as no final judgment had yet been entered by the court. (Dkt.# 197). Thereafter, the defendant filed a Notice of Appeal on August 31, 2012. (Dkt.# 198).

While the case was pending on appeal, the defendant filed numerous motions.[2] In response to these pleadings this Court took judicial notice that the defendants, Myra Baccus and Kordel Baccus, had received notice of this case, as well as pleadings in this case, "as is evidenced by Defendant's filing of numerous pleadings and responsive pleadings.[3] However, neither Defendant, Myra Baccus, or Kordel Baccus, has entered a valid entry of appearance, which includes a serviceable address and a valid phone number. Therefore the court direct[ed] and order[ed] the Defendants, Myra Baccus and Kordel Baccus, to refrain from filing any further pleadings until this Court [was] notified of a verifiable address that [could] be reliably used for service of process." (Dkt.# 212). The defendants, Myra Baccus and Kordel Baccus were ordered to complete and file an enclosed entry of appearance, and provide a valid phone number in the event a further telephonic hearing became necessary. The Court gave notice that its intent was to either set this matter for jury trial and/or final distribution of proceeds. (Dkt.# 212).

The appeal was dismissed on October 15, 2012. (Dkt.# 219). The Tenth Circuit Court of

---

[2] Defendant filed a Motion for Injunction Prohibiting Disbursement of Funds (Dkt.# 202), and a Joint Motion for Injunction Prohibiting the Disbursement of Funds (Dkt.# 206). The parties also filed other pleadings such as a Motion to Compel (Dkt.# 210); Supplements to the Notice of Appeal (Dkt.# 207); and a Special Appearance by Myra Baccus (Dkt.# 209).

[3] The Court notes the Defendant, Clarence Baccus, has filed over 30 motions in the instant case, as well as other pleadings which were not styled as "motions." See e.g., Dkt.#s 52, 57, 59 -63, 71, 86-87, 98-99, 120-21, 123, 130, 132-33, 135-37, 142-44, 152, 168-72, 174-76, 190, 196, 202 and 206.

Appeals also denied defendant's Petition for Writ of Mandamus on October 30, 2012 (Dkt.# 220) and Petition for Rehearing on December 14, 2012. (Dkt.# 221).

Accordingly, the Court finds the defendant's failure to appear at the settlement conference, the show cause hearing, and the pretrial conference are cause for judgment to be entered against the defendant and for the plaintiffs, Talisha Winston and the minor children K.B. and K.B. Further, "[w]here no alternative beneficiary is designated in a contract of life insurance, and the designated beneficiary becomes barred from taking the benefits of the policy .... in the absence of a statute which provides an alternative beneficiary, by operation of law a trust arises in favor of the estate of the assured, by virtue of which the representative of the assured is entitled to recover the insurance fund." *Equitable Life Assur. Soc. Of the United States et al. v. Weightman*, 160 P. 629 ( Okla. 1916); see also, *United Presidential Life Ins. Co. v. Moss*, 838 P.2d 1011 (Okla. 1992), and *National Home Life Assur. Co. v. Patterson*, 746 P.2d 696 (Okla. Ct. App. 1987).

In the instant case, the life insurance policy of the deceased provides,

> **Beneficiary**
>
> You may designate a Beneficiary in Your application or enrollment form
> You may change Your Beneficiary at any time. To do so, You must send
> a Signed and dated, Written request to the Policyholder using a form
> satisfactory to Us. Your Written request to change the Beneficiary must
> be sent to the Policyholder within 30 days of the date You Sign such request
> ......
>
> If there is no Beneficiary designated or no surviving Beneficiary at Your death
> We may determine the Beneficiary to be one or more of the following who
> survive You:
>
> 1. Your Spouse;
> 2. Your child(ren); or
> 3. Your parent(s); or
> 4. Your sibling(s).
>
> Instead of making payment to any of the above, we may pay Your estate.
> Any payment made in good faith will discharge our liability to the extent
> of such payment.

Therefore, because the designated beneficiary, Clarence Baccus, has become barred from taking the benefits of the policy, the proceeds of the policy shall be paid to the Estate of Kevin Baccus pursuant to the express terms contract. The proceeds of the policy at issue will be held in the coffers of the United States District Court for the Eastern District of Oklahoma until probate proceedings are initiated pursuant to the probate laws of the State of Oklahoma.

**IT IS SO ORDERED this 12th day of July, 2013.**

James H. Payne
United States District Judge
Eastern District of Oklahoma